GAUDIN, Judge.
This is an appeal by Arthur T. Fields, who was injured in the Goudchaux/Maison Blanche store in Gretna, Louisiana. As Fields was in the process of returning metal legs (part of an outdoor barbecue set) to a sales clerk, one of the legs fell from a box or bag toward the floor, onto Fields’ left foot.
A subsequent jury trial in the 24th Judicial District Court resulted in a verdict in favor of the store. Fields’ claims were dismissed.
On appeal, Fields alleges that the trial judge erred (1) in not giving the correct charge to the jurors and (2) in unduly restricting voir dire questioning.
For the following reasons, we affirm the verdict, finding no reversible mistake in appellant’s assignments of errors and no manifest error in the jury’s factual determinations.
Fields and the sales clerk, Mrs. Trina Simmons, gave different versions of the incident. Fields testified that he had placed a bag containing a sealed carton on a counter. Moments later, Mrs. Simmons picked the carton (also described as a cardboard box) up and the metal legs fell out, one striking his foot. There were three legs in the box, each approximately two feet in length. Fields said he was “paralyzed with pain” and that Mrs. Simmons “immediately took off ... to get the supervisor.”
Mrs. Simmons said: “He handed me the bag and just as he handed it to me, a couple (of legs) fell.”
Appellant’s counsel objected to the jury charge because it did not explain duty risk and because it did describe comparative negligence when comparative negligence was not pled as a special defense. The defense also read several objections into the record.
The trial judge’s charge included the following:
“The plaintiff, that is the party who claims the injury as a result of the negligence of the defendant and who seeks damages for this injury, has the burden of proof to show, first, that he has been injured, second that the defendant was negligent or at fault and third, that the injury was the proximate result of the negligence or fault of the defendant. All these factors are essential elements of the plaintiff’s claim and the plaintiff has the duty of proving each element to the satisfaction of the jury. The plaintiff proves his case by a showing, of the evidence and testimony, that what he is trying to prove is more likely true than not true or more probable than not.
“Negligence is defined as the lack of due diligence or care. Basically, each of use has the duty not in injure or damage another as a result of our fault or negligence.
“A person can be at fault by an unreasonable act of commission or by omission. In short, negligence is the failure to exercise reasonable care towards another person to whom a duty to exercise reasonable care is owed, and negligence includes omis *1195 sions as well as commissions. The fact that the fault, if found, was not intentional, does not excuse the defendant from that fault.
“The plaintiff must prove proximate cause. To prove proximate cause, the plaintiff must show that it is more likely true than not true that the negligence or fault of the defendant, if proven, played a substantial part in bringing about or actually causing the injury claimed by the plaintiff. It is well settled in our law that unless an omission or act of commission can be shown to be a proximate cause of plaintiff’s injury, it cannot be the basis for an award of damages.
“If the plaintiff proves more likely or more probable than not all the elements required by law, you, the jury, should award a verdict for the plaintiff and if the plaintiff has not proven fault, injury and proximate cause, you should award a verdict for the defendant.
“This does not mean that the law recognizes only one proximate cause of any injury or damage consisting of only one factor, or the conduct of only one person. On the contrary, many factors or things or the conduct of two or more persons may operate at the same time, either independently or together, to cause injury or damage. In such a case, each may be a proximate cause of the injury damage.
“The defendant denies any negligence on his part and further denies that any ngeli-gence if found by you the jury was the proximate cause of any injury or damage to the plaintiff. The defendant has no duty to prove his lack of negligence.
“Further, the defendant alleges, that the accident was caused solely by the negligence of the plaintiff. Alternatively, the defendant alleges that these negligent acts of the plaintiff constitute negligence on the part of the plaintiff, and such negligence was a proximate cause of any injuries and consequent damages plaintiff may have sustained.
“The burden is on a defendant alleging plaintiff negligence has the burden to prove more likely than not by the evidence in the case, that the plaintiff was also at fault, and that such fault contributed one of the proximate causes of any injuries and consequent damages plaintiff may have sustained.
“If you find that the plaintiff suffered injury or loss as a result partly of his own fault and partly as the result of the fault of the defendant, plaintiffs claim for damages shall not be barred or defeated. The amount of damages recoverable shall be reduced in proportion to the percentage of fault caused by the defendant as compared to the fault caused by the plaintiff. Thus, for example, if you find that the plaintiff was 10% at fault and the defendant was 90% at fault; the fault in this case shall be prorated by you, the jury, accordingly. The fault percentage you find of both parties must total 100%. But, if you find that the plaintiff was the sole cause of his own injury then his claim will be totally barred. These principles of law will be set-out on the jury interrogatories which will be given to you and a further explanation will also be given.”
On appeal, Fields complains because the trial judge’s charge did not include specific LSA-C.C. art. 2317 wordage. Art. 2317 states in pertinent part:
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or the things which we have in our custody.”
Appellees note that Fields did not object to the charge because it did not include exact Art. 2317 language making the store responsible for things in custody of the sales clerk.
One of the factual issues concerned the degree of actual custody Mrs. Simmons had over the box or bag when the legs slipped out.
Regardless, the trial judge’s charge as a whole adequately reflected the law applicable to Fields’ situation. The instructions were straightforward and unambiguous and even directed the jury to award Fields a percentage of his damages if they found any (or some) negligence on the store’s *1196 part. Instead, the jurors found no wrongdoing by Mrs. Simmons.
It is not our function to substitute our findings for that of the jury unless the jurors’ findings were manifestly wrong and without support in the testimony and evidence. See Brown v. DOTD et al, 572 So.2d 1058 (La.App. 5 Cir.1991). Hence, if the jury accepted as true Mrs. Simmons’ explanation as to how the accident occurred, there was no actionable negligence on her part, i.e., whatever caused the legs to fall was not, in the jury’s opinion, her fault.
Regarding Fields’ second assignment of error — restriction of voir dire questioning — appellant does not, in brief, point to any specific juror or incident.
A trial judge is allowed wide latitude in presiding over the voir dire. See LSA-C. C.Pr. art. 1763. We have carefully examined this record and find no meaningful abuse of discretion.
Accordingly, we affirm the jury verdict dismissing Fields’ demands.
AFFIRMED.